# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**WALTER DUANE WHITE,**

    **Plaintiff,**

**v.**                                                             **Civil action no. 3:08cv163**
                                                                          **(Judge Bailey)**

**WARDEN JOYCE FRANCIS, et al.,**

    **Defendants.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On October 27, 2008, the plaintiff, initiated this case by filing a document titled Criminal Complaint. The case was docketed as a prisoner civil rights matter brought pursuant to 20 U.S.C. § 1331, and a Notice of Deficient pleading was issued by the Clerk's office on October 28, 2008. On November 10, 2008, the plaintiff filed a Motion for Leave to Proceed *in forma pauperis*, a Consent to Collection of Fees from Trust Account, and a Prisoner Trust Fund Account Statement. In addition, the plaintiff filed a letter in which he indicated that he had not intended to filed a Bivens civil action, but rather, intended to file a criminal complaint. This matter is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.01, et seq., and 28 U.S.C. §§ 1915(e) and 1915(A).

### II. THE COMPLAINT

The plaintiff's "complaint" names eleven defendants, who apparently are all employed at FCI Gilmer. The "complaint" includes an "Affidavit Of Information In Support of a Criminal Complaint" which charges a violation of 18 U.S.C. § 4. The affidavit indicates that the penalty for violation of this

code section is a fine of not more that $500 or imprisonment of not more than three years, or both. It would appear that the plaintiff seeks to charge the defendants with the violation of his right to due process under the Fifth and Fourteenth Amendments and violation of his Eighth Amendment through inadequate medical care, cruel and unusual punishment, and the wanton infliction of pain and suffering.

### III.  ANALYSIS

As a private citizen, the plaintiff "has no judicially cognizable interest" in the criminal prosecution of another. Otero v. United States Attorney Gen., 832 F.2d 1141 (11th Cir. 1987) (citing Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)); see also Cok v. Costentino, 876 F.2d 1, 2 (1st Cir. 1988) (a private citizen has no authority to initiate a criminal prosecution); Sattler v. Johnson, 857 F.2d 224, 226-27 (4th Cir. 1988) (private citizen has no constitutional right to have other citizens, including state actors, criminally prosecuted.)  Thus, the plaintiff cannot initiate a criminal action on his own volition.

### IV.  RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that this action be **DISMISSED WITH PREJUDICE.**

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1);Thomas v. Arn, 474 U.S. 140 (1985) Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984),

cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

Dated: 11-13-08

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE