# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**WALTER DUANE WHITE**,

      Plaintiff,

v.                                                             Civil Action No. 3:08-CV-163
                                                                      (BAILEY)

**WARDEN JOYCE FRANCIS, et al.**,

      Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

I.     Introduction

This case is pending before this Court on the Report and Recommendation ("R&R") filed by Magistrate Judge David J. Joel [Doc. 8] and the Petitioner's Objections to Report and Recommendation [Doc. 10] regarding the plaintiff's Complaint [Doc. 1].

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which objection is made. However, failure to file objections permits the district court to exercise review under the standards believed to be appropriate, and under these circumstances, the parties' right to *de novo* review is waived. **Thomas v. Arn,** 474 U.S. 140, 150 (1985).

The plaintiff timely filed his objections on November 24, 2008. Accordingly, this Court will conduct a *de novo* review only as to the portions of the report and recommendation to which the petitioner objected. The remaining portions of the report and recommendation will be reviewed for clear error. After reviewing the R&R, the record, and

1

the arguments of the parties, the Court finds that petitioner's objections to the R&R should be **OVERRULED**, the R&R should be **ADOPTED**, and this action should be **DISMISSED with prejudice**.

II. Factual and Procedural Background

October 27, 2008, the plaintiff initiated this case by filing a document titled Criminal Complaint. The case was docketed as a prisoner civil rights matter brought pursuant to 20 U.S.C. § 1331, and a Notice of Deficient pleading was issued by the Clerk's office on October 28, 2008. On November 10, 2008, the plaintiff filed a Motion for Leave to Proceed *in forma pauperis*, a Consent to Collection of Fees from Trust Account, and a Prisoner Trust Fund Account Statement. In addition, the plaintiff filed a letter in which he indicated that he had not intended to filed a **Bivens** civil action, but rather, intended to file a criminal complaint.

By Standing Order, this matter came before Magistrate Judge Joel for an initial review and report and recommendation pursuant to LR PL P 83.01, *et seq.*, and 28 U.S.C. §§ 1915(e) and 1915(A). On November 19, 2008, Magistrate Judge Joel issued a Report and Recommendation, in which he recommended that this Court deny and dismiss this action with prejudice.

III. Magistrate Judge's Findings

In his R&R, the magistrate judge found as follows:

The plaintiff's "complaint" names eleven defendants, who apparently are all employed at FCI Gilmer. The "complaint" includes an "Affidavit Of Information In Support of a Criminal Complaint" which charges a violation of 18 U.S.C.

2

§ 4. The affidavit indicates that the penalty for violation of this code section is a fine of not more that $500 or imprisonment of not more than three years, or both. It would appear that the plaintiff seeks to charge the defendants with the violation of his right to due process under the Fifth and Fourteenth Amendments and violation of his Eighth Amendment through inadequate medical care, cruel and unusual punishment, and the wanton infliction of pain and suffering.

As a private citizen, the plaintiff "has no judicially cognizable interest" in the criminal prosecution of another. ***Otero v. United States Attorney Gen.***, 832 F.2d 1141 (11th Cir. 1987) (citing ***Linda R.S. v. Richard D.***, 410 U.S. 614, 619 (1973)); *see also* ***Cok v. Costentino***, 876 F.2d 1, 2 (1st Cir. 1988) (a private citizen has no authority to initiate a criminal prosecution); ***Sattler v. Johnson***, 857 F.2d 224, 226-27 (4th Cir. 1988) (private citizen has no constitutional right to have other citizens, including state actors, criminally prosecuted.) Thus, the plaintiff cannot initiate a criminal action on his own volition.

IV. Plaintiff's Objections

On November 24, 2008, the plaintiff filed his Objections to Magistrate's Report and Recommendation [Doc. 10]. Plaintiff states eight (8) objections to the R&R on the following grounds:

(1) The Court has not read the Complaint. This objection is completely without merit as this Court assures the plaintiff it has reviewed not only the Complaint, but the

entire record.  Accordingly, this Objection is **OVERRULED**.

(2) Complainant asks this Court to discharge its duties and file criminal charges against the defendants.  As noted by the magistrate judge, as a private citizen, the plaintiff "has no judicially cognizable interest" in the criminal prosecution of another.  *Otero v. United States Attorney Gen.*, 832 F.2d 1141 (11th Cir. 1987).  The same goes for this Court.  Rather, the decision of what persons should be prosecuted are matters which the Constitution and Statutes of the United States have delegated to the Attorney General of the United States, who, in turn, has delegated it to the United States Attorney and her counterparts in other judicial districts.  Accordingly, the objection is **OVERRULED**.

(3)  In recognition of this Court's overruling objection 2 above, objection 3 is **MOOT**.

(4)  In recognition of this Court's overruling objection 2 above, objection 4 is **MOOT**

(5) The plaintiff's demand for a jury trial in this matter is **DENIED** because this matter is dismissed as the private citizen cannot initiate a criminal action against another.

(6, 7 & 8)  Again, to the extent that the plaintiff seeks criminal prosecution against the defendants, this Court must **OVERRULE** objections 6, 7 & 8 for the same reasons stated above in objection 2.

V.     Conclusion

After careful review of the above, this Court is of the opinion that the Magistrate Judge's Report and Recommendation **[Doc. 8]** should be, and the same hereby is, **ORDERED ADOPTED** for the reasons more fully stated in that report.  Additionally, the plaintiff's objections **[Doc. 10]** are **OVERRULED**.  Accordingly, this civil action is **DENIED** and **DISMISSED with prejudice** and is further **ORDERED STRICKEN** from the active

4

docket of this Court. As a final matter, the plaintiff's sealed motion for leave to proceed *in forma pauperis* **[Doc. 5]** is hereby **DENIED as moot**.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to all counsel of record herein and to mail a copy to the *pro se* plaintiff.

**DATED**: May 15, 2009

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE